# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SPRINGDALE OK SPE LLC;<br>SUMMER OAKS REALTY SPE LLC;<br>and BRYAN HILL SPE LLC,<br><br>  Plaintiffs,<br><br>v.<br><br>WEHNER MULTIFAMILY LLC;<br>WEHNER CONSTRUCTION<br>MANAGEMENT, LLC; and<br>RYAN WEHNER,<br><br>  Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. CIV-21-543-PRW |

## DEFENDANTS' REPLY IN SUPPORT OF
## MOTION TO DISMISS RYAN WEHNER

Respectfully submitted,

**GORDON & REES**

*/s/ Dylan Charles Edwards*
**ROBERT A. BRAGALONE, OBA #31898**
BBragalone@grsm.com
2200 Ross Ave., Suite 3700
Dallas, TX  75201
Phone:  (214) 231-4714 Direct Dial
Fax: (214) 461-4053

**DYLAN C. EDWARDS, OBA #31545**
DCEdwards@grsm.com
101 Park Avenue, Suite 1300
Oklahoma City, OK  73102
Phone: (405) 816-9288 Direct Dial

**ATTORNEYS FOR DEFENDANT**

Plaintiffs' Response (Dkt. 5) does not demonstrate that the Complaint (Dkt. 1, Ex. 1) states any plausible claim against Mr. Wehner in his individual capacity. After conceding that their unjust enrichment claim against Mr. Wehner should be dismissed, Plaintiffs argue that their alleged claims against him for conversion, unjust enrichment, and punitive damages should not be dismissed.

Plaintiffs' arguments rely on decisions rendered before the operative statute, OKLA. STAT. tit. 12, § 682, was amended to govern claims against members and managers of limited liability companies. Plaintiffs also do not identify sufficient allegations in the Complaint to demonstrate any plausible claim against Mr. Wehner in his individual capacity. For the reasons stated in Defendants' Motion to Dismiss (Dkt. 2) and this Reply, Plaintiffs' remaining claims against Mr. Wehner individually should be dismissed.

**1.     Plaintiffs' authorities were decided before the operative provisions of OKLA. STAT. tit. 12, § 682 were enacted.**

Defendants' Motion seeks dismissal under Rule 12(b)(6) because Plaintiffs' claims are barred by OKLA. STAT. tit. 12, § 682. The current version of this statute was enacted on November 1, 2016. *See* Civil Procedure, 2016 Okla. Sess. Law Serv., ch. 116 (West) (attached as. Ex. 1). The statute made no reference to claims against officers, directors, members, or managers until it was amended in 2013. *See* Corporate Liability, 2013 Okla. Sess. Law Serv., ch. 265 (West) (attached as Ex. 2). Prior to 2013, the statute did not govern claims against an LLC's member or manager. *See id.*

Plaintiffs rely on a case decided in 1973 to support the viability of their individual claim for conversion against Mr. Wehner. To demonstrate the propriety of their fraud

claim, Plaintiffs direct the Court to a decision from 1989. Neither case cites Section 682, since that statute did not govern claims against an LLC's individual members or managers until its amendment in 2013. Plaintiffs offer no argument to explain how those cases could still control after the Oklahoma legislature enacted the present version of Section 682 in 2016. Plaintiffs also argue generally that Mr. Wehner can be liable individually under principles of agency. But Plaintiffs do not explain why general agency principles should control when a more specific statute governing particular varieties of agents was enacted after their authorities were decided.

The language of Section 682 makes clear that the legislature intended that statute to regulate claims against individual members and managers of limited liability companies. *See* OKLA. STAT. tit. 12, § 682(C). The statutory provisions supporting Defendants' Motion are not addressed by Plaintiffs' authorities. *See Shebster v. Triple Crown Insurers*, 1992 OK 20, 826 P.2d 603; *Bane v. Anderson, Bryant & Co.*, 1989 OK 140, 786 P.2d 1230; *Preston-Thomas Const., Inc. v. Cent. Leasing Corp.*, 1973 OK CIV APP 10, 518 P.2d 1125. In the absence of any authority or argument why these cases should inform the Court's decision under a statute enacted at least 20 years later, they do not support Plaintiffs' attempt to defeat Defendants' Motion.

**2.    Plaintiffs have not demonstrated that the Complaint sufficiently alleges any plausible claim for relief against Mr. Wehner individually.**

Even if the Court finds merit in Plaintiffs' authorities, Section 682 still expressly limits claims against an LLC's member or manager individually. *See* OKLA. STAT. tit. 12, § 682(B), (C). The statute recognizes that some individual claims against an LLC's

members or managers are not barred, so long as those claims are "for their own conduct" and "not within the scope of their role" with the LLC. *See id.*

Plaintiffs do not point to specific allegations actually pled in the Complaint of Mr. Wehner's own individual conduct, done outside of the scope of his role as a member or manager, to state plausible claims for conversion, fraud, or punitive damages. Plaintiffs do not identify any specific allegation in the Complaint that Mr. Wehner, on his own and outside the scope of his role as member or manager, wrongfully interfered with their rights in any specific property, an essential element to a conversion claim. *See Metro. Life Ins. Co. v. Bradshaw*, 450 F. Supp. 3d 1258, 1264 (W.D. Okla. 2020). Without an individual act by Mr. Wehner, separate from the acts of the company, to support a conversion claim against him personally, Plaintiffs have not stated a plausible claim for relief. *See Dennis v. Good Deal Charlie, Inc.*, No. 20-CV-00295-GKF-JFJ, 2021 WL 815841, at *6-7 (N.D. Okla. Mar. 3, 2021) (applying OKLA. STAT. tit. 12, § 682 to grant dismissal of officer under FED. R. CIV. P. 12(b)(6)).

As for Plaintiffs' fraud claim, they must establish that Mr. Wehner, on his own and outside the scope of his role as member or manager, made a "false material representation," that he knew the representation was false or made it recklessly, that he intended Plaintiffs act upon the representation, and that Plaintiffs relied on that representation to their detriment. *See Bowman v. Presley*, 2009 OK 48, ¶ 13, 212 P.3d 1210, 1218. To demonstrate that they have stated a plausible claim against Mr. Wehner for his own conduct, Plaintiffs point to a single statement purportedly made by Mr. Wehner regarding what Wehner Family LLC would do regarding occupancy rates. Plaintiffs' Complaint does not provide

any details regarding the alleged statement, do not allege that it was false or that Mr. Wehner, individually, knew it was false or made it recklessly.

More importantly, Plaintiffs do not point to any allegation of a particular act by Mr. Wehner, made outside of the scope of his role with Wehner Family LLC, that is implicated by the alleged statement. According to Plaintiffs, Mr. Wehner, the President of Wehner Family LLC, made a statement about the results the company would deliver. This is an allegation of conduct by Mr. Wehner on behalf of the LLC, not his own separate conduct. The subject of the statement was a representation about what the LLC could deliver. The fact that it was allegedly made by Mr. Wehner is merely a function of the fact that an LLC can only act through its management.

If Plaintiffs' pleading sufficiently alleges Mr. Wehner's own statement and not the company's, it would logically follow that any statement as to a company's intentions, promises, beliefs, or positions would be individually attributable to the speaker who makes the statement on behalf of the fictitious legal entity. This is an absurd result that would disregard the concept of a separate legal entity. *See Tyree v. Cornman*, 2019 OK CIV APP 66, ¶ 13, 453 P.3d 497.

To the extent the Court does not dismiss Plaintiffs' claims for conversion and fraud against Mr. Wehner individually, Plaintiff has still not sufficiently articulated individual conduct to support an award of punitive damages against Mr. Wehner. Plaintiffs do not identify any particular allegation of conduct that Mr. Wehner, individually, committed with reckless disregard for their rights or with intent and malice. The case cited by Plaintiffs to justify their conclusory and blanket claim for punitive damages against Mr. Wehner

individually demonstrates the inadequacy of their allegations.

Plaintiffs correctly explain that the *Conway* case involved a complaint that specifically alleged that an individual defendant recklessly operated a motor vehicle. *See Conway v. Lone Star Transp.*, No. 19-CV-658-CVE-FHM, 2020 WL 609750, at *5 (N.D. Okla. Feb. 7, 2020). Plaintiff does not point to any allegation in its Complaint that makes a similarly direct claim against Mr. Wehner for his own conduct outside the scope of his role as a member or manger.

Plaintiffs have not pled sufficient facts to demonstrate Mr. Wehner's individual liability under the limitations of OKLA. STAT. tit. 12, § 682. Further, Plaintiffs' alternative request to amend should be denied, as it is clear from their original allegations that they are unable to identify the type of individual conduct by Mr. Wehner that is required to support a claim for his personal liability. For these reasons and those in the Motion, Defendants request Plaintiffs' claims against Mr. Wehner in his individual capacity be dismissed with prejudice.

June 29, 2021.                                Respectfully submitted,

                                                    **GORDON & REES**

                                          */s/ Dylan Charles Edwards*
                                          **ROBERT A. BRAGALONE, OBA #31898**
                                          BBragalone@grsm.com
                                          2200 Ross Ave., Suite 3700
                                          Dallas, TX  75201
                                          Phone:  (214) 231-4714 Direct Dial
                                          Fax: (214) 461-4053

                                          **DYLAN C. EDWARDS, OBA #31545**
                                          DCEdwards@grsm.com
                                          101 Park Avenue, Suite 1300
                                          Oklahoma City, OK  73102
                                          Phone: (405) 816-9288 Direct Dial

                                        **ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2021, I electronically transmitted the attached document to the Clerk of Court using the Electronic Case Filing System for filing. Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the ECF System.

                                        */s/ Dylan Charles Edwards*
                                        Dylan C. Edwards