## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

SPRINGDALE OK SPE LLC;                     )
SUMMER OAKS REALTY SPE                     )
LLC; and BRYAN HILL SPE LLC,               )
                                           )
        Plaintiffs,              )
                                           )
v.                                         )     Case No. CIV-21-00543-PRW
                                           )
WEHNER MULTIFAMILY LLC;                    )
WEHNER CONSTRUCTION                        )
MANAGEMENT, LLC; and                       )
RYAN WEHNER,                               )
                                           )
        Defendants.              )

## ORDER

Before the Court is Defendants' Motion to Dismiss Ryan Wehner and Brief in Support (Dkt. 2) (the "Motion to Dismiss"), seeking to dismiss Plaintiffs' claims against Mr. Wehner pursuant Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiffs have responded in opposition (Dkt. 5) and ask that they be granted leave to amend any claim the Court dismisses. Defendants replied (Dkt. 7). For the reasons set forth below, the Court **GRANTS** Defendants' Motion to Dismiss (Dkt. 2).

### *Background*

Plaintiffs Springdale OK Spe LLC ("Springdale"), Summer Oaks Realty Spe LLC "Summer Oaks"), and Bryan Hill Spe LLC ("Bryan Hill")—three single-asset, limited-liability companies based in Oklahoma—own several apartment complexes in the

Oklahoma City area. In 2017, Plaintiffs hired Defendant Wehner Multifamily, LLC ("WMF"), a Texas limited-liability company, to manage these properties.

According to the Complaint (Dkt. 1), in June 2017, Plaintiffs each entered into management agreements under which WMF agreed to maintain the properties properly and increase occupancy. In Plaintiffs' view, however, these obligations were not met. Instead, WMF employees and affiliates allegedly engaged in various forms of misconduct, which Plaintiffs claim cost them millions in lost profits. Thereafter, in 2019, Plaintiffs terminated the management contracts with WMF.

On April 28, 2021, Plaintiffs initiated this action in Oklahoma County District Court, after which the Defendants removed it to this Court under diversity jurisdiction.[1] Plaintiffs bring claims for unjust enrichment, conversion, and fraud against WMF and Defendant Ryan Wehner—WMF's Texas-based president and principal member "at all times relevant to this action."[2] Additionally, Plaintiffs assert breach of contract, breach of fiduciary duty, fraud, and other "related causes of action" against WMF and its affiliate Defendant Wehner Construction Management, LLC ("Wehner Construction")—a Texas limited-liability company likewise managed by Mr. Wehner.[3] Finally, Plaintiffs seek

---

[1] The parties' corporate disclosure statements indicate that complete diversity exists amongst the parties, as Defendants are domiciled in Texas, and Plaintiffs are citizens of a variety of states other than Texas. Moreover, the alleged amount in controversy exceeds the sum or value of $75,000.

[2] Compl. (Dkt. 1, Ex. 1) ¶¶ 5, 8.

[3] *Id.* ¶¶ 6, 9.

punitive damages from all Defendants. Defendants now move to dismiss all claims against Mr. Wehner pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### *Legal Standard*

In reviewing a Fed. R. Civ. P. 12(b)(6) motion to dismiss, all well-pleaded allegations in the complaint must be accepted as true and viewed "in the light most favorable to the plaintiff."[4] While a complaint need not recite "detailed factual allegations," "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[5] The pleaded facts must establish that the claim is plausible.[6] Fraud-based claims must also satisfy Rule 9(b)'s heightened pleading standard, which requires "a party [to] state with particularity the circumstances constituting fraud."[7]

Additionally, when considering Rule 12(b)(6) motion to dismiss, the Court also examines whether the claim fails as a matter of law despite sufficiently detailed factual allegations. When reviewing a Rule 12(b)(6) motion to dismiss in a case arising in diversity

---

[4] *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *David v. City & County of Denver,* 101 F.3d 1344, 1352 (10th Cir. 1996)).

[5] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted) (alteration in original).

[6] *Id.*

[7] Fed. R. Civ. P. 9(b).

jurisdiction, the Court applies the law of the forum state and here, the choice of law provision requires the claims be reviewed under the substantive laws of Oklahoma. [8]

## *Discussion*

Upon careful consideration of Plaintiffs' Complaint, accepting all factual allegations contained therein as true and construing them in the light most favorable to Plaintiffs, the Court finds that Plaintiffs fail to state a claim upon which relief can be granted against Mr. Wehner in his individual capacity.

Plaintiffs bring unjust enrichment, fraud, conversion, and punitive damages claims against Mr. Wehner. Defendants filed a Motion to Dismiss asking the Court to dismiss each of these claims. Defendants argue that Plaintiffs' claims against Mr. Wehner are barred by Title 12, § 682 of Oklahoma law. This statute precludes suit against an LLC's individual members or managers unless and until (1) judgment is obtained against the company—which in this case is WMF or Wehner Construction; and (2) execution on the judgment returns unsatisfied.[9] There is no dispute that these statutory preconditions have not yet been met here.

---

[8] Oklahoma uses the "most significant relationship" test to determine governing law in tort cases, and here, that test indicates Oklahoma law should apply. *See Martin v. Gray*, 385 P.3d 64, 67 (Okla. 2016) ("The choice of law applicable to a tort claim is the 'most significant relationship' test . . . ."); *Brickner v. Gooden*, 525 P.2d 632, 635 (Okla. 1974) ("The factors to be taken into account and to be evaluated according to their relative importance with respect to a particular issue, shall include: (1) the place where the injury occurred, (2) the place where the conduct causing the injury occurred, (3) the domicile, residence, nationality, place of incorporation and place of business of the parties, and (4) the place where the relationship, if any, between the parties occurred.").

[9] Section 682(B) states that "[n]o suit or claim of any nature shall be brought against any officer, director or shareholder for the debt or liability of a corporation of which he or she is an officer, director or shareholder, until judgment is obtained therefor against the

As such, this Court agrees with Defendants and finds that their Motion to Dismiss should be granted with respect to all claims brought against Mr. Wehner in his individual capacity. Plaintiffs concede dismissal is warranted as to the unjust enrichment claim, and it is accordingly dismissed. And Defendants are correct that Plaintiffs remaining conversion and fraud claims, as currently pleaded, must be dismissed as premature pursuant to section 682.[10] Plaintiffs respond that Defendants overlook the fact that Oklahoma law permits a suit or claim against an officer or member for their own conduct. But, in support of the remaining conversion and fraud claims, the Complaint does not allege any individual conduct of Mr. Wehner outside his role as principal member or president of WMF or Wehner Construction. Indeed, the Complaint largely fails to mention any acts by Mr. Wehner that are different, separate, or otherwise discernably distinct from the acts of the companies.[11]

---

corporation and execution thereon returned unsatisfied." The next provision of the statute specifically clarifies that "[m]embers and managers of limited liability companies shall be afforded the same substantive and procedural protection from suits and claims as the protections provided to officers, directors and shareholders of a corporation as set forth in subsection B of this section." Okla. Stat. tit. 12, § 682(C).

[10] Defendants also argue that even if these claims are not precluded under Oklahoma law, Plaintiffs fail to satisfy pleading standards as their assertions are simply conclusory statements that are not factually supported. Because the Court finds that dismissal is warranted based on Oklahoma law, however, the Court need not address Defendants' other arguments for dismissal.

[11] *ZHN, LLC v. Randy Miller, LLC*, 2015 WL 1033080, *2 (W.D. Okla. March 9, 2015).

In support of their conversion claim, Mr. Wehner's alleged conduct mirrors that of the companies.[12] And as to their fraud claim against Mr. Wehner, Plaintiffs simply point to a single statement purportedly made by Mr. Wehner on WMF's behalf promising to raise occupancy rates[13]—which, as Defendants correctly allege, is within his role as principal member and president of WMF. Thus, to the extent Plaintiffs allege any individual conduct by Mr. Wehner at all, nothing in the record suggests he was acting outside his corporate capacity at any time.[14] Absent any allegations to that effect, Plaintiffs' remaining

---

[12] Specifically, in support of their conversion claim, Plaintiffs simply rely on allegations, such as "WMF wrongfully misappropriated the Properties and Plaintiffs' assets for the benefit of WMF, its affiliates, and [Mr.] Wehner." Compl. (Dkt. 1, Ex. 1) ¶ 126. The Complaint then states Mr. "Wehner and WMF had actual or constructive knowledge of the tortious conduct of WMF's employees." *Id.* ¶ 127. The Complaint further provides that Mr. "Wehner and WMF failed to implement sufficient controls to deter the tortious conduct of WMF employees." *Id.* ¶ 130. This is not sufficient. The Court is left without any factual allegations describing specific misconduct or actions allegedly taken by Mr. Wehner that differed from the company. *See, e.g.*, *Oklahoma Digital Abstract, LLC v. Imersion Glob. Inc.*, No. 18-CV-398-TCK-JFH, 2019 WL 6329342, at *4 (N.D. Okla. Nov. 26, 2019) (granting a Rule 12(b)(6) motion where "the complaint d[id] not allege different conduct as between the company and [the officer]").

[13] Specifically, with respect to fraud, the Complaint alleges that Mr. "Wehner represented to Plaintiffs that WMF would increase occupancy of the Properties from 71% to 81%" and that "[a]s a result of the foregoing conduct and deceptive acts," "Plaintiffs relied on the misrepresentations" and "WMF and [Mr.] Wehner delayed Plaintiffs' discovery of the resulting damages until recently." Compl. (Dkt. 1, Ex. 1) ¶¶ 150−152. Because the Complaint does not allege Mr. Wehner took tortious actions outside of his role as an officer of the company, Plaintiffs' fraud claim is insufficient. *See, e.g.*, *ZHN*, 2015 WL 1033080, at *2 (granting a Rule 12(b)(6) motion where the claims alleged against the member mirrored those against the limited liability company and the member was the sole member of the limited liability company and acted on the company's behalf when he signed the contracts at issue).

[14] Additionally, according to the Complaint, Mr. Wehner served as president to WMF and Wehner Construction "at all times relevant to this action." Compl. (Dkt. 1, Ex. 1) ¶ 9. He

conversion and fraud claims against Mr. Wehner must be dismissed as premature under section 682.

Defendants also ask this Court to dismiss Plaintiffs' claim for punitive damages. Plaintiffs' request for punitive damages against Mr. Wehner is a category of relief,[15] however, not a separate cause of action. Accordingly, it, too, should be dismissed because no tort claims against Mr. Wehner, individually, remain in this action.

Finally, in its response to Defendants' Motion, Plaintiffs request leave to amend their Complaint if the Court finds the allegations against Mr. Wehner should be dismissed.[16] The Court's local rules prescribe that "[a] party moving under Fed. R. Civ. P. 15(a)(2) to amend a pleading . . . must attach the proposed pleading as an exhibit to the motion."[17]

Accordingly, Plaintiffs' request for leave to amend is denied without prejudice to the submission of a motion that complies with Local Civil Rule 15.1. In reviewing any proposed amendment, the Court will consider whether Plaintiff "fail[ed] to cure

---

also appears to be the companies' sole member. *See* Defs.'s Corp. Disclosure Statement (Dkt. 14) at 1−2.

[15] *Howell Petrol. Corp. v. Leben Oil Corp.*, 976 F.2d 614, 622 (10th Cir. 1992); *Mason v. Texaco, Inc.*, 948 F.2d 1546, 1554 (10th Cir. 1991).

[16] *See* Pl.'s Resp. (Dkt. 5) at 8−9.

[17] LCvR 15.1.

deficiencies by amendments previously allowed" and whether the amendment would be futile.[18]

### *Conclusion*

For the foregoing reasons, Defendants' Motion to Dismiss (Dkt. 2) is **GRANTED**, and the Court **DISMISSES WITHOUT PREJUDICE** all claims against Mr. Wehner in his individual capacity. The Court **DENIES AS MOOT** Defendants' Motion for Extension of Time to Answer (Dkt. 3), and Defendants are **ORDERED** to file an Answer to the remaining claims by no later than fourteen days from this Order. Additionally, Plaintiffs' request for leave to amend is **DENIED WITHOUT PREJUDICE**. Any motion for leave to amend shall comply with Local Civil Rule 15.1 and shall be filed no later than February 4, 2022.

**IT IS SO ORDERED** this 27th day of January 2022.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[18] *Hasan v. AIG Prop. Cas. Co.*, 935 F.3d 1092, 1101−02 (10th Cir. 2019).