UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SPRINGDALE, OK SPE, LLC; § <br> SUMMER OAKS REALTY SPE, § <br> LLC; and § <br> BRYAN HILL SPE, LLC, § <br> § <br> Plaintiffs, § <br> § <br> v. § <br> § <br> WEHNER MULTIFAMILY, LLC; § <br> WEHNER CONSTRUCTION, LLC; § <br> and § <br> RYAN WEHNER, § <br> § <br> Defendants. § | Case No. 5:21-cv-00543-PRW |

**DEFENDANTS' WEHNER MULTIFAMILY, LLC AND WEHNER CONSTRUCTION, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' PETITION**

**TO THE HONORABLE JUDGE OF SAID COURT:**

Defendants Wehner Multifamily, LLC, and Wehner Construction, LLC by and through their attorneys of record, Robert A. Bragalone and GORDON REES SCULLY MANSUKHANI, and for its Answer and Affirmative Defenses to Plaintiffs' Petition, states as follows:

**INTRODUCTION**

1. Paragraph 1 of Plaintiffs' Petition contains conclusions to which no response is required. To the extent that Plaintiffs attempt to assert a cause of action against Defendants, Defendants deny they committed any violation of law and further deny that

Plaintiffs are entitled to any relief. Defendants deny the remaining allegations contained in Paragraph 1 of Plaintiffs' Petition.

## PARTIES, JURISDICTION, AND VENUE

2. Defendants admit, on information and belief, that Springdale was a limited liability company existing under the laws of the State of Oklahoma.

3. Defendants admit, on information and belief, that Summer Oaks was a limited liability company existing under the laws of the State of Oklahoma.

4. Defendants admit, on information and belief, that Bryan Hill was a limited liability company existing under the laws of the State of Oklahoma.

5. Defendants admit the allegations in Paragraph 5 of Plaintiffs' Petition.

6. Defendants admit the allegations in Paragraph 6 of Plaintiffs' Petition.

7. Defendants admit the allegations in Paragraph 7 of Plaintiffs' Petition. However, it should be noted that Ryan Wehner was dismissed from this action without prejudice as to all claims against him in his individual capacity as ordered by This Court on January 27, 2022.

8. Defendants admit the allegations in Paragraph 8 of Plaintiffs' Petition.

9. Defendants admit the allegations in Paragraph 9 of Plaintiffs' Petition.

10. Defendants deny the allegations in Paragraph 10 of Plaintiffs' Petition. This matter was properly removed to the United States District Court for the Western District of Oklahoma.

11. Defendants deny the allegations in Paragraph 11 of Plaintiffs' Petition.

12. Defendants are without sufficient information or knowledge to admit or deny the allegations in Paragraph 12 of Plaintiffs' Petition.

13. Defendants are without sufficient information or knowledge to admit or deny the allegations in Paragraph 13 of Plaintiffs' Petition.

14. Defendants are without sufficient information or knowledge to admit or deny the allegations in Paragraph 14 of Plaintiffs' Petition.

15. Defendants are without sufficient information or knowledge to admit or deny the allegations in Paragraph 15 of Plaintiffs' Petition.

16. Defendants are without sufficient information or knowledge to admit or deny the allegations in Paragraph 16 of Plaintiffs' Petition.

17. Defendants are without sufficient information or knowledge to admit or deny the allegations in Paragraph 17 of Plaintiffs' Petition.

18. Defendants are without sufficient information or knowledge to admit or deny the allegations in Paragraph 18 of Plaintiffs' Petition.

19. Defendants are without sufficient information or knowledge to admit or deny the allegations in Paragraph 19 of Plaintiffs' Petition.

20. Defendants are without sufficient information or knowledge to admit or deny the allegations in Paragraph 20 of Plaintiffs' Petition.

21. Defendants are without sufficient information or knowledge to admit or deny the allegations in Paragraph 21 of Plaintiffs' Petition.

22. Defendants are without sufficient information or knowledge to admit or deny the allegations in Paragraph 22 of Plaintiffs' Petition.

23. Defendants deny the allegations contained in Paragraph 23 of Plaintiffs' Petition.

## FACTS

24. Defendants are without sufficient information or knowledge to admit or deny the allegations in Paragraph 24 of Plaintiffs' Petition.

25. Defendants are without sufficient information or knowledge to admit or deny the allegations in Paragraph 25 of Plaintiffs' Petition.

26. Defendants are without sufficient information or knowledge to admit or deny the allegations in Paragraph 26 of Plaintiffs' Petition.

27. Defendants deny the allegations contained in Paragraph 27 of Plaintiffs' Petition.

28. Defendants deny the allegations in Paragraph 28 of Plaintiffs' Petition.

29. Defendants deny the allegations in Paragraph 29 of Plaintiffs' Petition.

30. Defendants deny the allegations in Paragraph 30 of Plaintiffs' Petition.

31. Defendants deny the allegations in Paragraph 31 of Plaintiffs' Petition.

32. Defendants deny the allegations in Paragraph 32 of Plaintiffs' Petition.

33. Defendants deny the allegations in Paragraph 33 of Plaintiffs' Petition.

34. Defendants deny the allegations in Paragraph 34 of Plaintiffs' Petition.

35. Defendants deny the allegations in Paragraph 35 of Plaintiffs' Petition.

36. Defendants deny the allegations in Paragraph 36 of Plaintiffs' Petition.

37. Defendants deny the allegations in Paragraph 37 of Plaintiffs' Petition.

38. Defendants deny the allegations in Paragraph 38 of Plaintiffs' Petition.

39. Defendants deny the allegations in Paragraph 39 of Plaintiffs' Petition.

40. Defendants deny the allegations in Paragraph 40 of Plaintiffs' Petition.

41. Defendants deny the allegations in Paragraph 41 of Plaintiffs' Petition.

42. Defendants deny the allegations in Paragraph 42 of Plaintiffs' Petition.

43. Defendants deny the allegations in Paragraph 43 of Plaintiffs' Petition.

44. Defendants deny the allegations in Paragraph 44 of Plaintiffs' Petition.

45. Defendants deny the allegations in Paragraph 45 of Plaintiffs' Petition.

46. Defendants deny the allegations in Paragraph 46 of Plaintiffs' Petition.

47. Defendants deny the allegations in Paragraph 47 of Plaintiffs' Petition.

48. Defendants deny the allegations in Paragraph 48 of Plaintiffs' Petition.

49. Defendants deny the allegations in Paragraph 49 of Plaintiffs' Petition.

50. Defendants deny the allegations in Paragraph 50 of Plaintiffs' Petition.

51. On information and belief, Defendants admit the allegations in Paragraph 51 of Plaintiffs' Petition.

52. Defendants are without sufficient information or knowledge to admit or deny the allegations in Paragraph 52 of Plaintiffs' Petition.

53. Defendants deny the allegations in Paragraph 53 of Plaintiffs' Petition.

54. Defendants deny the allegations in Paragraph 54 of Plaintiffs' Petition.

55. Defendants deny the allegations in Paragraph 55 of Plaintiffs' Petition.

56. Defendants deny the allegations in Paragraph 56 of Plaintiffs' Petition.

57. Defendants are without sufficient information or knowledge to admit or deny the allegations in Paragraph 57 of Plaintiffs' Petition.

58. Defendants deny the allegations in Paragraph 58 of Plaintiffs' Petition.

59. Defendants deny the allegations in Paragraph 59 of Plaintiffs' Petition.

60. Defendants deny the allegations in Paragraph 60 of Plaintiffs' Petition.

61. Defendants are without sufficient information or knowledge to admit or deny the allegations in Paragraph 61 of Plaintiffs' Petition.

62. Defendants deny the allegations in Paragraph 62 of Plaintiffs' Petition.

63. Defendants deny the allegations in Paragraph 63 of Plaintiffs' Petition.

64. Defendants deny the allegations in Paragraph 64 of Plaintiffs' Petition.

65. Defendants deny the allegations in Paragraph 65 of Plaintiffs' Petition.

66. Defendants deny the allegations in Paragraph 66 of Plaintiffs' Petition.

67. Defendants deny the remaining allegations contained in Paragraph 67 of Plaintiffs' Petition.

68. Defendants deny the remaining allegations contained in Paragraph 68 of Plaintiffs' Petition.

69. Defendants deny the remaining allegations contained in Paragraph 69 of Plaintiffs' Petition.

70. Defendants deny the allegations in Paragraph 70 of Plaintiffs' Petition.

71. Defendants deny the allegations in Paragraph 71 of Plaintiffs' Petition.

72. Defendants deny the allegations in Paragraph 72 of Plaintiffs' Petition.

73. Defendants deny the allegations in Paragraph 73 of Plaintiffs' Petition.

74. Defendants deny the allegations in Paragraph 74 of Plaintiffs' Petition.

75. Defendants deny the allegations in Paragraph 75 of Plaintiffs' Petition.

76. Defendants deny the allegations in Paragraph 76 of Plaintiffs' Petition.

77. Defendants deny the allegations in Paragraph 77 of Plaintiffs' Petition.

1238899/64793432v.1

78. Defendants deny the allegations in Paragraph 78 of Plaintiffs' Petition.

79. Defendants are without sufficient information or knowledge to admit or deny the allegations in Paragraph 79 of Plaintiffs' Petition.

80. Defendants are without sufficient information or knowledge to admit or deny the allegations in Paragraph 80 of Plaintiffs' Petition.

81. Defendants deny the allegations in Paragraph 81 of Plaintiffs' Petition.

82. Defendants deny the allegations in Paragraph 82 of Plaintiffs' Petition.

83. Defendants are without sufficient information or knowledge to admit or deny the allegations in Paragraph 83 of Plaintiffs' Petition.

84. Defendants are without sufficient information or knowledge to admit the allegations in Paragraph 84 of Plaintiffs' Petition.

85. Defendants deny the allegations in Paragraph 85 of Plaintiffs' Petition.

86. Defendants deny the allegations in Paragraph 86 of Plaintiffs' Petition.

87. Defendants deny the allegations in Paragraph 87 of Plaintiffs' Petition.

88. Defendants deny the allegations in Paragraph 88 of Plaintiffs' Petition.

89. Paragraph 89 of Plaintiffs' Petition contains legal conclusions to which no response is required.  To the extent that an expense is required, Defendants deny the remaining allegations contained in Paragraph 89 of Plaintiffs' Petition.

**FIRST CAUSE OF ACTION:   BREACH OF CONTRACT AGAINST WMF**

90. Paragraph 90 of Plaintiff's Petition is an incorporation paragraph and contains no separate factual allegations. Therefore, no response is required. Defendants incorporate their Answers to Paragraphs 1 – 89 of Plaintiffs' Petition.

91. Defendants are without sufficient information or knowledge to admit or deny the allegations in Paragraph 91 of Plaintiffs' Petition.

92. Defendants deny the allegations in Paragraph 92 of Plaintiffs' Petition.

93. Defendants deny the allegations contained in Paragraph 93 of Plaintiffs' Petition.

94. Defendants deny the allegations contained in Paragraph 94 of Plaintiffs' Petition.

95. Defendants deny the allegations contained in Paragraph 95 of Plaintiffs' Petition.

96. Defendants deny the allegations contained in Paragraph 96 of Plaintiffs' Petition.

97. Defendants deny the allegations contained in Paragraph 97 of Plaintiffs' Petition.

98. Defendants deny the allegations contained in Paragraph 98 of Plaintiffs' Petition.

99. Defendants deny the allegations contained in Paragraph 99 of Plaintiffs' Petition.

100. Defendants deny the allegations in Paragraph 100 of Plaintiffs' Petition.

101. Defendants deny the allegations contained in Paragraph 101 of Plaintiffs' Petition.

102. As to Paragraph 102 of Plaintiffs' Petition, Defendants deny the allegations contained therein.

103. Defendants deny the allegations contained in Paragraph 103 of Plaintiffs' Petition.

104. Defendants deny the allegations contained in Paragraph 104 of Plaintiffs' Petition.

105. Defendants deny the allegations contained in Paragraph 105 of Plaintiffs' Petition and deny that Plaintiffs are entitled to the relief requested therein.

**SECOND CAUSE OF ACTION:   BREACH OF CONTRACT AGAINST WMF & WEHNER CONSTRUCTION**

106. Paragraph 106 of Plaintiff's Petition is an incorporation paragraph and contains no separate factual allegations. Therefore, no response is required. Defendants incorporate their Answers to Paragraphs 1 – 105 of Plaintiffs' Petition.

107. Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 107 of Plaintiffs' Petition.

108. Defendants are without sufficient information to admit or deny the allegations in Paragraph 108 of Plaintiffs' Petition.

109. Defendants deny the allegations in Paragraph 109 of Plaintiffs' Petition.

110. Defendants deny the allegations contained in Paragraph 110 of Plaintiffs' Petition.

111. Defendants are without sufficient information or knowledge to admit or deny the allegations in Paragraph 111 of Plaintiffs' Petition.

112. Defendants deny the allegations in Paragraph 112 of Plaintiffs' Petition.

113. Defendants deny the allegations contained in Paragraph 113 of Plaintiffs' Petition.

### THIRD CAUSE OF ACTION: NEGLIGENCE/BREACH OF FIDUCIARY DUTY AGAINST WMF

114. Paragraph 114 of Plaintiff's Petition is an incorporation paragraph and contains no separate factual allegations. Therefore, no response is required. Defendants incorporate their Answers to Paragraphs 1 – 113 of Plaintiffs' Petition.

115. Defendants deny the allegations contained in Paragraph 115 of Plaintiffs' Petition.

116. Defendants deny the allegations contained in Paragraph 116 of Plaintiffs' Petition.

117. Defendants deny the allegations contained in Paragraph 117 of Plaintiffs' Petition.

118. Defendants deny the allegations in Paragraph 118 of Plaintiffs' Petition.

119. Defendants deny the allegations contained in Paragraph 119 of Plaintiffs' Petition.

120. Defendants deny the allegations contained in Paragraph 120 of Plaintiffs' Petition.

121. Defendants deny the allegations contained in Paragraph 121 of Plaintiffs' Petition.

122. Defendants deny the allegations contained in Paragraph 122 of Plaintiffs' Petition.

## FOURTH CAUSE OF ACTION:
## CONVERSION/MISAPPROPRIATION/THEFT AGAINST WMF& WEHNER

123. Paragraph of 123 of Plaintiff's Petition is an incorporation paragraph and contains no separate factual allegations. Therefore, no response is required. Defendants incorporate their Answers to Paragraphs 1 – 122 of Plaintiffs' Petition.

124. Paragraph 124 of Plaintiffs' Petition contains legal conclusions to which no response is required. To the extent that a response is required, Defendants are without sufficient information or knowledge to admit or deny the allegations in Paragraph 124.

125. Defendants deny the allegations in Paragraph 125 of Plaintiffs' Petition.

126. Defendants deny the allegations in Paragraph 126 of Plaintiffs' Petition.

127. Defendants deny the allegations contained in Paragraph 127 of Plaintiffs' Petition.

128. Defendants deny the allegations contained in Paragraph 128 of Plaintiffs' Petition.

129. Defendants deny the allegations in Paragraph 129 of Plaintiffs' Petition.

130. Defendants deny the allegations contained in Paragraph 130 of Plaintiffs' Petition.

131. Defendants deny the allegations in Paragraph 131 of Plaintiffs' Petition.

132. Defendants deny the allegations contained in Paragraph 132 of Plaintiffs' Petition.

133. Defendants deny the allegations contained in Paragraph 133 of Plaintiffs' Petition.

## FIFTH CAUSE OF ACTION:   FRAUD AGAINST WMF & WEHNER

134. Paragraph 134 of Plaintiff's Petition is an incorporation paragraph and contains no separate factual allegations. Therefore, no response is required. Defendants incorporate their Answers to Paragraphs 1 – 133 of Plaintiffs' Petition.

135. Defendants are without sufficient information or knowledge to admit or deny the allegations in Paragraph 135 of Plaintiffs' Petition.

136. Defendants deny the allegations in Paragraph 136 of Plaintiffs' Petition.

137. Defendants deny the allegations in Paragraph 137 of Plaintiffs' Petition.

138. Defendants deny the allegations in Paragraph 138 of Plaintiffs' Petition.

139. Defendants are without sufficient information or knowledge to admit or deny the allegations in Paragraph 139 of Plaintiffs' Petition.

140. Defendants deny the allegations in Paragraph 140 of Plaintiffs' Petition.

141. Defendants are without sufficient information or knowledge to admit or deny the allegations in Paragraph 141 of Plaintiffs' Petition.

142. Defendants deny the allegations in Paragraph 142 of Plaintiffs' Petition.

143. Defendants deny the allegations in Paragraph 143 of Plaintiffs' Petition.

144. Defendants deny the allegations in Paragraph 144 of Plaintiffs' Petition.

145. Defendants deny the allegations in Paragraph 145 of Plaintiffs' Petition.

146. Defendants deny the allegations in Paragraph 146 of Plaintiffs' Petition.

147. Defendants deny the allegations in Paragraph 147 of Plaintiffs' Petition.

148. Defendants deny the allegations in Paragraph 148 of Plaintiffs' Petition.

149. Defendants deny the allegations in Paragraph 149 of Plaintiffs' Petition.

150. Defendants are without sufficient information or knowledge to admit or deny the allegations in Paragraph 150 of Plaintiffs' Petition.

151. Defendants deny the allegations in Paragraph 151 of Plaintiffs' Petition.

152. Defendants deny the allegations in Paragraph 152 of Plaintiffs' Petition.

1238899/64793432v.1

153. Defendants deny the allegations in Paragraph 153 of Plaintiffs' Petition.

154. Defendants deny the allegations in Paragraph 154 of Plaintiffs' Petition.

155. Defendants deny the allegations contained in Paragraph 155 of Plaintiffs' Petition.

156. Defendants deny the allegations contained in Paragraph 156 of Plaintiffs' Petition.

157. Defendants deny the allegations contained in Paragraph 157 of Plaintiffs' Petition and deny Plaintiffs are entitled to the relief requested therein.

**SIXTH CAUSE OF ACTION:   FRAUD BY NONDISCLOSURE AGAINST WMF**

158. Paragraph 158 of Plaintiff's Petition is an incorporation paragraph and contains no separate factual allegations. Therefore, no response is required. Defendants incorporate their Answers to Paragraphs 1 – 157 of Plaintiffs' Petition.

159. Defendants deny the allegations contained in Paragraph 159 of Plaintiffs' Petition.

160. Defendants deny the remaining allegations contained in Paragraph 160 of Plaintiffs' Petition.

161. Defendants are without sufficient information or knowledge to admit or deny the allegations in Paragraph 161 of Plaintiffs' Petition.

162. Defendants deny the allegations in Paragraph 162 of Plaintiffs' Petition.

163. Defendants deny the allegations in Paragraph 163 of Plaintiffs' Petition.

164. Defendants deny the allegations in Paragraph 164 of Plaintiffs' Petition.

165. Defendants deny the allegations in Paragraph 165 of Plaintiffs' Petition.

166. Defendants deny the allegations in Paragraph 166 of Plaintiffs' Petition.

167. Defendants deny the allegations contained in Paragraph 167 of Plaintiffs' Petition.

### SEVENTH CAUSE OF ACTION:   UNJUST ENRICHMENT/QUANTUM MERUIT AGAINST WMF

168. Paragraph 168 of Plaintiff's Petition is an incorporation paragraph and contains no separate factual allegations. Therefore, no response is required. Defendants incorporate their Answers to Paragraphs 1 – 167 of Plaintiffs' Petition.

169. Defendants deny the allegations in Paragraph 169 of Plaintiffs' Petition.

170. Defendants deny the allegations in Paragraph 170 of Plaintiffs' Petition.

171. Defendants deny the allegations contained in Paragraph 171 of Plaintiffs' Petition.

172. Defendants deny the allegations contained in Paragraph 172 of Plaintiffs' Petition and deny that Plaintiffs are entitled to the relief requested therein.

### EIGHTH CAUSE OF ACTION:   UNJUST ENRICHMENT/QUANTUM MERUIT AGAINST WMF & WEHNER CONSTRUCTION

173. Paragraph 173 of Plaintiffs' Petition is an incorporation paragraph and contains no separate factual allegations. Therefore, no response is required. Defendants incorporate their Answers to Paragraphs 1 – 172 of Plaintiffs' Petition.

174. Defendants deny the allegations contained in Paragraph 174 of Plaintiffs' Petition.

175. Defendants deny the allegations contained in Paragraph 175 of Plaintiffs' Petition.

176. Defendants deny the allegations contained in Paragraph 176 of Plaintiffs' Petition.

177. Defendants deny the allegations contained in Paragraph 177 of Plaintiffs' Petition and deny that Plaintiffs are entitled to the relief requested therein

### NINTH CAUSE OF ACTION:   ACCOUNTING AGAINST WMF

178. Paragraph 178 of Plaintiff's Petition is an incorporation paragraph and contains no separate factual allegations. Therefore, no response is required. Defendants incorporate their Answers to Paragraphs 1 – 177 of Plaintiffs' Petition.

179. Defendants deny the allegations contained in Paragraph 179 of Plaintiffs' Petition.

180. Defendants deny the allegations contained in Paragraph 180 of Plaintiffs' Petition.

181. Defendants deny the allegations in Paragraph 181 of Plaintiffs' Petition.

182. Paragraph 182 of Plaintiffs' Petition contains legal conclusions to which no response is required.  Defendants deny.

183. Defendants deny the allegations contained in Paragraph 183 of Plaintiffs' Petition.

### TENTH CAUSE OF ACTION:    PUNITIVE DAMAGES AGAINST WMF & WEHNER CONSTRUCTION

184. Paragraph 184 of Plaintiff's Petition is an incorporation paragraph and contains no separate factual allegations. Therefore, no response is required. Defendants incorporate their Answers to Paragraphs 1 – 183 of Plaintiffs' Petition.

185. Defendants deny the allegations contained in Paragraph 185 of Plaintiffs' Petition.

186.  Defendants deny the allegations contained in Paragraph 186 of Plaintiffs' Petition

187. Defendants deny the allegations contained in Paragraph 187 of Plaintiffs' Petition and also deny that Plaintiffs are entitled to the relief requested therein.

188. Paragraph 188 of Plaintiff's Petition contains statements of law rather than factual averments and therefore no response is required.

### PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to any of the relief and manner of judgment requested in the "WHEREFORE" Paragraph of Plaintiffs' Petition, including its subparts (A), (B), (C), (D), (E), and (F).

## AFFIRMATIVE DEFENSES

1. Statute of limitations.

2. Failure to state a claim upon which relief can be granted.

3. Accord and satisfaction

4. Arbitration and award

5. Assumption of risk

6. Fraud

7. Illegality

8. Waiver.

9. Unclean Hands

10. Plaintiffs' claims against this Defendant are barred, in whole or in part, because Defendants did not breach any legal duties it may have owed to Plaintiffs.

11. Lack of causation

12. The acts or omissions of third parties may be the cause in-fact, proximate cause, and/or superseding cause of Plaintiffs' alleged damages.

13. Plaintiffs failed to mitigate their damages.

14. Consent.

15. Defendants specifically deny the damages alleged by Plaintiffs and demands strict proof thereof.

16. Plaintiffs' claims are barred in whole or in part because their actions if any were substantially caused by their own acts, negligence, or fault.

17. Plaintiffs damages, if any, were caused by their own acts or omissions, not those of Defendants.

18. Defendants assert all available defenses to them.

19. Excuse.

20. Unjust Enrichment

21. Release

22. Payment

23. Ratification

24. Knowledge and acquiescence, Knowledge and consent

25. Novation

26. Laches.

27. Mistake.

28. Duress.

29. Estoppel.

30. Res judicata.

31. Failure of consideration.

32. Statute of Frauds.

33. For further answer or defense, Defendants states that the facts of this case do not warrant a punitive damage instruction.

34. For further answer or defense, Defendants states that Plaintiffs' claims for punitive damages should be stricken on the following grounds:

    a. Consideration of any punitive damages in this civil action would violate the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution and the Oklahoma Constitution in that:

        i. Consideration of punitive damages in this action would allow standard less discretion to the jury to determine punishment, depriving Plaintiffs and Defendants of prior notice of the consequences of their alleged actions.

        ii. The admission of any evidence directly to the jury concerning Plaintiffs' or Defendants' assets or net worth will create an undue risk of an improper verdict on each issue concerning liability, the measure of compensatory damages, whether to award punitive damages, and the measure of punitive damages.

        iii. Punitive damages by their very nature constitute punishment and are a quasi-criminal sanction for which the burden of proof should not be less than "beyond a reasonable doubt" -- not merely "clear and convincing evidence" or a "preponderance of the evidence."

    b. An award of punitive damages, if allowed, would violate the Excessive Fines Clause of the Eighth Amendment of the United States Constitution and the Oklahoma Constitution in that punitive damages would constitute an excessive fine upon this Defendant.

    c. Punitive damages are punishment, a quasi-criminal sanction, for which Defendants are not afforded the specific procedural safeguards prescribed by the Fourth, Fifth and Sixth Amendments of the United States Constitution and the Oklahoma Constitution.

35. Any award of punitive or exemplary damages is barred to the extent that it is inconsistent with the standards and limitations set forth in *BMW of North America, Inc. v.*

1238899/64793432v.1

*Gore*, 517 U.S. 559, 134 L.Ed.2d 809 116 S.Ct. 1589 (1996), and *State Farm Mutual Automobile Insurance Company v. Campbell*, 123 S.Ct. 1513 (2003).

36. In the unlikely event that the trier of fact finds that Defendants are liable to Plaintiffs for any loss, damage, actual injury or detriment, Defendants are entitled to and reserve the right to seek contribution, reimbursement or indemnity from other persons in direct proportion to their respective fault.

37. Defendants expressly reserves and asserts all affirmative defenses available under any applicable law. Defendants reserves their right to supplement their Answer and to assert additional affirmative defenses in the event that discovery or other means indicate that such defenses would be applicable.

## PRAYER FOR RELIEF

WHEREFORE, Defendants prays for judgment against Plaintiffs as follows:

    a.    That Plaintiffs take nothing by virtue of their Petition against Defendants;

    b.    That Plaintiffs' Petition, and all claims asserted therein, be dismissed with prejudice to the re-filing of same;

    c.    For costs and disbursements incurred herein, including attorney's fees; and

    d.    For such other relief as the Court may deem appropriate or as may be permitted by law or equity.

    e.    Defendants demand a jury trial.

| | |
|---|---|
| February 10, 2022. | Respectfully submitted,<br><br>**GORDON & REES LLP**<br><br>*/s/ Robert A. Bragalone*<br>**ROBERT A. BRAGALONE, OBA #31898**<br>2200 Ross Ave., Suite 3700<br>Dallas, TX  75201<br>214.231.4714 (Phone)<br>214.461.4053 (Fax)<br>bbragalone@grsm.com<br><br>**ATTORNEY FOR DEFENDANTS<br>WEHNER MULTIFAMILY, LLC;<br>WEHNER CONSTRUCTION, LLC** |

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served February 10, 2022, with a copy of this document via the Court's CM/ECF system.

Seth A. Day, OBA #20670       tsday@hallestill.com
Ty E. Schoenhals, OBA #33607  tschoenhals@hallestill.com


*/s/ Robert A. Bragalone*
**ROBERT BRAGALONE**